IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |  |
|---|---|---|
| CEDRIC D. ARRINGTON, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:11-CV-308 (MTT) |
| | ) | |
| JACK KOON, | ) | |
| | ) | |
|     Respondent. | ) | |

## ORDER

This matter is before the Court on Petitioner Cedric D. Arrington's Motion for Reconsideration (Doc. 14) on Magistrate Judge Charles H. Weigle's Order granting the Respondents' Motion for Extension of Time (Doc. 12). For the following reasons, the Motion is DENIED.

The Petitioner filed his petition for writ of habeas corpus on August 8, 2011. The Magistrate Judge ordered the Respondent to file responsive pleadings on August 15, 2011, giving the Respondent sixty days from service of the order to file the appropriate pleadings. (Doc. 8). The Petitioner filed a Motion for Summary Default Judgment on November 14, and, at that time, the Respondent had not filed any responsive pleadings. On November 15, the Respondent filed his response to the Petitioner's petition for habeas corpus, along with a Motion for Extension of Time to file the response. (Docs. 11, 12). The Magistrate Judge granted the Motion for Extension of Time in a text order the next day, and the Petitioner now moves the Court to reconsider the Magistrate Judge's text order.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. 2010) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F.Supp. 1209, 1222-23 (M.D. Ga. 1997). Further, a judge has discretion to grant a motion for extension of time and allow the Respondent to file the appropriate responsive pleadings. Here, the Magistrate Judge appropriately exercised his discretion by granting the Respondent's Motion for Extension of Time. Further, Local Rule 7.6's requirements have been met. Accordingly, the Petitioner's Motion is DENIED. (Doc. 14).

**SO ORDERED**, this 9th day of January, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT