**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **CEDRIC D. ARRINGTON,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | **NO. 5:11-CV-308 (MTT)** |
| **VS.** | : | |
| | : | |
| **JACK KOON,** | : | |
| | : | **Proceedings Under 28 U.S.C. §2254** |
| **Respondent.** | : | **Before the U.S. Magistrate Judge** |
| _____ | : | |

**ORDER**

Petitioner Cedric D. Arrington has filed a "Motion for Summary Judgment for Default," alleging that Respondent Jack Koon failed to file a timely response to the instant 28 U.S.C. §2254 Petition.  Doc. 10.  Petitioner contends that summary judgment should be entered in his favor on account of Respondent Koon's default, pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  Id.  For the following reasons, Petitioner's Motion for Summary Judgment for Default is **DENIED**.

Rule 5 does not authorize default judgment or summary judgment in this case. The provisions of Rule 5 describe the circumstances under which a respondent may be required to respond to a §2254 petition along with a description of the documents that must be included with the response.  Rule 5 does not address or even contemplate summary judgment and "[d]efault judgment is not contemplated in habeas corpus cases." Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987).

Although the record confirms that Respondent Koon failed to file a timely response to the petition, the Court granted Respondent permission to file a response out of time.  On August 15, 2011, the Court entered an order directing service of the petition on Respondent by mail and directing Respondent to file an answer within sixty days.  Doc. 8.  On November 15, 2011, one day

after Petitioner filed his motion for default, Respondent filed a Response to the petition (Doc. 11),

along with a Motion for Extension of Time to File Responsive Pleadings Out of Time (Doc.12).  In

support of his request for leave to file responsive pleadings out of time, Respondent essentially

stated that the reason for the delay was inadvertent, as opposed to intentional or contumacious,

oversight on the part of counsel.  Specifically, Respondent explained that:

> Counsel for Respondent had received several copies of the petition but somehow overlooked the show-cause order itself, as the order was stapled to the back of one petition. However, upon further examination of his file, counsel for Respondent realized he had not submitted responsive pleadings in this action in a timely fashion and, upon that realization, prepared responsive pleadings as expeditiously as possible.

Doc. 12.  The Court accepted Respondent's explanation and entered a text-only order on November

16, 2011, granting the request for leave to file responsive pleadings out of time.  The District Judge

denied Petitioner's Motion for Reconsideration of the order granting leave to file out of time on

January 9, 2012.  Doc. 15.  As a result, Respondent's Response is considered timely.  Accordingly,

it is hereby **RECOMMENDED** that Petitioner's Motion for Summary Judgment for Default be

**DENIED**.

**SO RECOMMENDED**, this 13th day of April, 2012.


Charles H. Weigle
United States Magistrate Judge