IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CEDRIC D. ARRINGTON, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 5:11-CV-308 (MTT) |
| VS. | : | |
| | : | |
| JACK KOON, Warden, | : | |
| | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

**RECOMMENDATION**

Before the Court is Petitioner Cedric D. Arrington's 28 U.S.C. § 2254 petition seeking habeas corpus relief. Doc. 1. The petition contains five grounds: two grounds alleging that his guilty plea was not knowing, voluntary, and intelligent, two grounds raising various claims of ineffective assistance of counsel, and one ground concerning due process violations. Because all of the grounds identified by Petitioner fail to state a cognizable basis for federal habeas corpus relief, **IT IS RECOMMENDED** that the petition be **DENIED**.

PROCEDURAL HISTORY

On February 26, 2008, a grand jury in the Superior Court of Houston County indicted Petitioner for one count of armed robbery. Doc. 13-3 at 3. On January 22, 2009, Petitioner entered a negotiated guilty plea, and the trial court sentenced Petitioner to eighteen years imprisonment with credit for time served. Id. at 2. On February 2, 2009, Petitioner, proceeding *pro se*, filed a motion to withdraw guilty plea, alleging that his trial counsel not only rendered ineffective assistance, but that trial counsel also coerced Petitioner to plead guilty. Id. at 34. The trial court denied the motion to withdraw guilty plea on February 10, 2009. Id. at 38. Petitioner did not pursue a direct appeal.

1

On January 5, 2010, Petitioner executed a habeas corpus petition in the Superior Court of Chatham County. Doc. 13-1. In his state habeas petition, Petitioner listed one ground raising various claims of ineffective assistance of counsel, four grounds alleging that his guilty plea was not knowing, voluntary, and intelligent, and one additional unnumbered ground concerning due process violations. Id. at 5-10. The state habeas court conducted an evidentiary hearing on May 4, 2010. Doc. 13-2. On August 2, 2010, after specifically reviewing all of the grounds except for the due process ground, the state habeas court denied Petitioner's request for habeas corpus relief. Doc. 13-4. The Georgia Supreme Court unanimously denied Petitioner's application for certificate of probable cause to appeal the denial of his state habeas corpus petition on May 31, 2011. Doc. 13-5.

On August 9, 2011, Petitioner executed his 28 U.S.C. § 2254 petition seeking habeas corpus relief in this Court. Doc. 1. The petition enumerates five grounds for relief: two grounds alleging that his guilty plea was not knowing, voluntary, and intelligent, two grounds raising various claims of ineffective assistance of counsel, and one ground concerning violations of his due process rights. Id. On September 15, 2011, Petitioner filed a supplemental memorandum in support of his petition for habeas corpus relief. Doc. 9. Respondent subsequently filed an answer and response brief. Doc. 11. On November 26, 2012, Plaintiff filed an additional supplemental memorandum, which he labeled a "return and answer." Doc. 18.

STATEMENT OF FACTS

In accordance with 28 U.S.C. § 2254(e)(1), for the purpose of considering the instant petition the facts as found by the Superior Court of Chatham County during the state habeas corpus proceeding are adopted by this Court. These findings of fact are as follows:

> Petitioner entered a negotiated guilty plea to the charge of one count of armed robbery in the Superior Court of Houston County before the Honorable L.A.

McConnell, Jr., on January 22, 2009. Petitioner was sentenced to a total of eighteen (18) years to serve, all of it in confinement.

In support of his application for writ of habeas corpus, Petitioner alleges the following grounds, to wit: (1) ineffective assistance of counsel; (2) involuntariness of guilty plea entered due to misrepresentations made by attorney; (3) involuntariness of guilty plea entered due to Petitioner's placement in isolation, which caused him to enter the plea under duress; (4) involuntariness of guilty plea entered because Petitioner was fearful of life without parole and was coerced by his attorney's tactics; (5) involuntariness of guilty plea entered because Petitioner did not understand compulsory self-incrimination nor was he advised that entering a plea involved a waiver of rights.

At the hearing, the Court heard the testimony of David Daniell, Petitioner's counsel in the underlying criminal matter. Mr. Daniell testified that Petitioner admitted to the facts underlying the charge of armed robbery: that he went to a Lowe's home improvement store on Watson Boulevard, the main thoroughfare in Warner Robins, Georgia during daylight hours, that he approached a cashier and handed her a note asking for money, and that he leaned toward the cashier and uttered the phrase "[d]on't make me shoot you" several times. Although Petitioner admitted the above facts to Mr. Daniell, he was insistent that he did not have a gun. Mr. Daniell explained to Petitioner that the presence or absence of a gun was not dispositive of the charge as the statute contemplates the use of an object or gesture such that a reasonable victim would believe the suspect was armed.

Mr. Daniell also testified that he received a Notice of Intent to Present Matters in Aggravation from the district attorney's office. The [N]otice listed ten prior convictions from a variety of counties, all of which Petitioner admitted were correct. Mr. Daniell's own research corroborated the State's evidence and confirmed that approximately six or seven of the prior convictions were felonies.

Mr. Daniell testified that, for most of the pendency of the case, the State was not interested in offering a plea to Petitioner. Eventually, the State offered the plea that Petitioner ultimately accepted.

Mr. Daniell further testified that he filed a Petition for Psychiatric Evaluation. The only information Petitioner had given Mr. Daniell about his mental state was that he had been using drugs before he committed the crime. There was no other history of psychological problems. However, Mr. Daniell filed the [P]etition out of an abundance of caution. Petitioner was found competent by the medical examiner.

Mr. Daniell testified that it was exclusively Petitioner's decision to enter a guilty plea. Mr. Daniell testified that he does not believe Petitioner was sentenced as a recidivist, but that since armed robbery is a no-parole crime, the issue of recidivism was irrelevant in the context of parole.

>Mr. Daniell further testified that he reviewed the Waiver of Post-Conviction Rights form with his client. Both the Waiver of Post-Conviction Rights and the Plea of Guilty: Acknowledgment and Waiver of Rights were admitted into evidence at the hearing. The latter, which Petitioner signed, states that Petitioner understands the statements and questions and understands that entering a plea of guilty involves waiving the right to contest the charges. The form further reflects that Petitioner understood that the maximum imprisonment is life without parole. Petitioner stated that he understood the waiver of rights, was signing the form voluntarily and was not under duress. Petitioner also stated that he was satisfied with the services of his attorney. Petitioner further stated that he was satisfied with the services of his attorney during the hearing at which he entered his guilty plea. Respondent admitted the plea hearing transcript into evidence at the hearing of the instant habeas corpus petition.

Doc. 13-4 at 1-3.

## NEED FOR AN EVIDENTIARY HEARING

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). After a careful review of the record, and in light of the statement of facts presented herein, no evidentiary hearing is warranted in this case.

## LEGAL STANDARDS

In accordance with the provisions of the AEDPA, federal courts are prohibited from granting habeas relief with respect to any claim adjudicated on the merits in state court unless that decision either (1) resulted in a decision contrary to, or involved an unreasonable application

4

of, clearly established federal law as determined by the Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d); Wellons v. Warden, Georgia Diagnostic and Classification Prison, 695 F.3d 1202, 1206 (11th Cir. 2012). Not only is this standard "difficult to meet," Harrington v. Richter, 562 U.S. ___, ___, 131 S.Ct. 770, 786 (2011), but it also is a "highly deferential standard for evaluating state-court rulings, […] which demands that state-court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002).

A state court's decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id. "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Id.

When a "state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003). Similarly, when reviewing a state court's decision applying federal law, a federal court must not determine the accuracy of the result, but instead, whether the result was objectively unreasonable, which is "a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007). A state court's factual determinations are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

DISCUSSION

Petitioner's section 2254 petition enumerates the same grounds that Petitioner identified during his state habeas corpus proceeding, namely that:

Ground One: His guilty plea was not knowing, voluntary and intelligent;

Ground Two: His due process rights were violated;

Ground Three: Trial counsel rendered ineffective assistance;

Ground Four: Trial counsel rendered ineffective assistance; and

Ground Five: His guilty plea was not knowing, voluntary and intelligent.

Doc. 1 at 5-11.

Because Petitioner fails to establish that the state habeas court's decision was contrary to, or, an unreasonable application of, clearly established federal law, and because Petitioner fails to establish that the state habeas court's decision was based on an unreasonable determination of the facts in light of the evidence presented in state court, Petitioner is not entitled to relief on Grounds One, Three, Four, and Five. Further, although the state habeas court did not address Ground Two as a separate ground for relief in its final order, the due process claims alleged by Petitioner in Ground Two either overlap with Petitioner's other claims concerning his guilty plea and ineffective assistance of counsel, which were addressed by the state habeas court, or are without merit. Consequently, Petitioner is not entitled to relief on Ground Two.

## Grounds One and Five

In Ground One, Petitioner alleges that his guilty plea was not knowing, voluntary, and intelligent because: (a) his guilty plea was coerced as a result of Petitioner being placed in solitary confinement for 270 days; (b) Petitioner did not waive his Boykin rights in accordance with federal law; (c) Petitioner did not receive newly discovered exculpatory evidence before he

pleaded guilty; (d) counsel did not advise Petitioner regarding the existence of newly discovered exculpatory evidence; (e) Petitioner did not receive evidence to show that his conduct did not constitute armed robbery; and (f) counsel did not advise Petitioner of the existence of evidence to show that his conduct did not constitute armed robbery. Doc. 1 at 5. Additionally, in Ground Five, Petitioner alleges that his guilty plea was not knowing, voluntary, and intelligent because: (a) the trial court erred in establishing that Petitioner understood all of the constitutional rights he would waive by pleading guilty; (b) the trial court failed to address Petitioner's Boykin rights, and (c) the trial court failed to address the character of Petitioner's rights being waived during the plea colloquy. Id. at 11.

In Boykin v. Alabama, the Supreme Court explained that a state court's acceptance of a petitioner's guilty plea "without an affirmative showing that it was intelligent and voluntary" was plainly erroneous. 395 U.S. 238, 242 (1969). A guilty plea that is not knowing and voluntary violates the due process clause, and thus, is invalid. Boykin, 395 U.S. at 243 n. 5. For a guilty plea to be knowing and voluntary, the defendant must understand the significance of the waiver and the consequences of the plea. Id. at 243-244. To ensure that a guilty plea is knowing and voluntary, the Supreme Court advised trial courts "to conduct an on the record examination of the defendant which should include, *inter alia,* an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences." Id. at 244 n. 7.

Despite Petitioner's numerous unsubstantiated allegations about his guilty plea, the record establishes that the state habeas court properly applied Boykin and determined that Petitioner's guilty plea was knowing and voluntary for the following reasons. First, the state habeas court summarized specific statements made by Petitioner in response to questions posed

7

by the trial court during his guilty plea hearing. Second, the state habeas court emphasized that during his guilty plea hearing, Petitioner expressly stated that he understood the constitutional rights he was giving up by pleading guilty. Petitioner also expressly stated that he was waiving those constitutional rights voluntarily and that he was not promised anything or threatened in exchange for his guilty plea. Third, the state habeas court noted that Petitioner admitted to the facts alleged in the indictment. Fourth, the state habeas court made factual findings about trial counsel's testimony at the state habeas evidentiary hearing that it was solely Petitioner's decision to plead guilty and that Petitioner fully understood the nature of the armed robbery charge, his right to a jury trial, the rights he was waiving by pleading guilty, and the maximum term of imprisonment for the charge to which he was pleading guilty. Fifth, the state habeas court made factual findings concerning the contents of the completed Waiver of Post-Conviction Rights form and the completed Plea of Guilty: Acknowledgement and Waiver of Rights form, both of which undermined Petitioner's claims.

Petitioner fails to establish that the state habeas court's decision that Petitioner's guilty plea was knowing and voluntary was "contrary to" or "an unreasonable application of" clearly established federal law. 28 U.S.C. § 2254(d)(1). Similarly, Petitioner does not establish that the state habeas court's decision was "based on an unreasonable determination of the facts in light of the evidence presented" at the state proceeding. 28 U.S.C. § 2254(d)(2). Petitioner also offers no additional evidence, let alone "clear and convincing evidence," to contradict any of the state habeas court's factual determinations. 28 U.S.C. § 2254(e)(1). After careful review of the entire record, there is no basis to conclude that the state habeas court's decision that Petitioner pleaded guilty knowingly and voluntarily ran afoul of either 28 U.S.C. § 2254(d)(1) or 28 U.S.C. § 2254(d)(2). Accordingly, Petitioner is not entitled to relief on Grounds One and Five.

Grounds Three and Four

In Ground Three, Petitioner alleges that he received ineffective assistance of trial counsel because: (a) counsel failed to interview the victim and other witnesses about their statements and their inability to identify Petitioner; (b) counsel failed to investigate mitigating and exculpatory evidence; (c) counsel failed to file a motion to dismiss; (d) counsel failed to maintain an adversarial position; and (e) counsel failed to spend sufficient time consulting with Petitioner about his case. Doc. 1 at 8. Additionally, in Ground Four, Petitioner alleges that trial counsel rendered ineffective assistance because: (a) counsel induced Petitioner to plead guilty using coercive tactics; (b) counsel was not an effective advocate for Petitioner; (c) counsel did not present any defenses; (d) counsel failed to obtain a superior plea bargain for Petitioner; and (e) counsel colluded with the prosecuting attorney. Id. at 10.

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on an ineffective assistance claim, "a petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." Wiggins v. Smith, 539 U.S. 510, 521 (2003), citing Strickland, 466 U.S. at 687. To establish deficient performance, "Petitioner must show counsel's performance 'fell below an objective standard of reasonableness.'" Cook v. Warden, Georgia Diagnostic Prison, 677 F.3d 1133, 1136 (11th Cir. 2012), quoting Strickland, 466 U.S. at 688. To establish prejudice, "Petitioner must show that a 'reasonable probability' exists that 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Cook, 677 F.3d at 1136, quoting Strickland, 466 U.S. at 697.

Petitioner must establish both prongs of Strickland in order to show that counsel rendered ineffective assistance. Morton v. Secretary, Florida Department of Corrections, 684 F.3d 1157,

9

1166 (11th Cir. 2012). The two-prong Strickland test applies to challenges of guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). A petitioner claiming ineffective assistance in the context of a guilty plea must show not only that counsel committed objectively unreasonable professional errors, but also a reasonable probability that, but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial. Id. at 58–59.

When an ineffective assistance of counsel claim implicates both the AEDPA and Strickland, review in the Eleventh Circuit is "doubly deferential." Boyd v. Commissioner, Alabama Department of Corrections, 697 F.3d 1320, 1332 (11th Cir. 2012), citing Harrington, 562 U.S. at ___, 131 S.Ct. at 788 ("The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so."). "Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." Johnson v. Secretary, DOC, 643 F.3d 907, 911 (11th Cir. 2011).

Despite Petitioner's numerous unsubstantiated allegations about trial counsel, the record establishes that the state habeas court properly applied Strickland and rejected Petitioner's various claims of ineffective assistance of counsel. That is, after considering the underlying record, trial counsel's testimony, and Petitioner's testimony, the state habeas court expressly concluded that Petitioner had failed to show that trial counsel's performance was deficient or to show that, but for counsel's alleged errors, Petitioner would not have pleaded guilty and would have insisted on going to trial. The state habeas court noted trial counsel's testimony that he regularly visited Petitioner in jail and provided all discovery to Petitioner in a timely manner. The state habeas court also underscored that trial counsel testified that he was willing to take this

case to trial where trial counsel could have argued several defenses. Several of the factual findings made by the state habeas court, including, trial counsel's testimony that he reviewed the Waiver of Post-Conviction Rights form with Petitioner and Petitioner's statements that he was satisfied with the performance of trial counsel, further undercut Petitioner's various ineffective assistance of counsel claims.

Petitioner fails to establish that the state habeas court's decision that trial counsel provided effective assistance was "contrary to" or "an unreasonable application of" clearly established federal law. 28 U.S.C. § 2254(d)(1). Similarly, Petitioner does not establish that the state habeas court's decision was "based on an unreasonable determination of the facts in light of the evidence presented" at the state proceeding. 28 U.S.C. § 2254(d)(2). Petitioner also offers no additional evidence, let alone "clear and convincing evidence," to contradict any of the state habeas court's factual determinations. 28 U.S.C. § 2254(e)(1). After carefully reviewing the entire record, there is no basis to conclude that the state habeas court's decision that trial counsel rendered effective assistance ran afoul of either 28 U.S.C. § 2254(d)(1) or 28 U.S.C. § 2254(d)(2). Consequently, Petitioner is not entitled to relief on Grounds Three and Four.

### Ground Two

In Ground Two, Petitioner specifically alleges that his due process rights were violated because the "trial court failed to hold an evidentiary hearing on Petitioner's motion to withdraw [guilty] plea, ineffective assistance of counsel, and on whether Petitioner was tricked or cajoled into pleading guilty, counsel never advised Petitioner or went over waiver of post-conviction rights, therefore waiver is invalid." Doc. 1 at 6. Respondent maintains that Ground Two is procedurally defaulted because it was not properly presented during the state habeas proceeding,

and Georgia state courts would deem Ground Two barred if Petitioner attempted to raise it in a subsequent state habeas proceeding pursuant to O.C.G.A. § 9-14-51. Doc. 11-1 at 9.

If Ground Two is procedurally defaulted, Petitioner's failure to fairly present the due process claims that appear in Ground Two of his federal habeas petition during his state habeas proceeding would preclude this Court from reviewing those claims. See Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998), citing O.C.G.A. § 9-14-51. Even if Ground Two is not procedurally defaulted, however, the due process claims that appear in Ground Two overlap with Petitioner's other claims concerning his guilty plea and ineffective assistance of counsel and lack merit.

In the state proceedings, Petitioner attempted to raise the due process claims that appear in Ground Two of his federal habeas petition as part of a handwritten list labeled "violations of due process" that Petitioner appended to his original state habeas petition. Petitioner did not separately number these allegations as an additional ground for relief, as he had done with his five initial grounds for relief. Doc. 13-1 at 5-10. Petitioner's handwritten list of "violations of due process" includes virtually the same claims that appear in Ground Two of his federal habeas petition namely that, the trial court failed to conduct an evidentiary hearing on Petitioner's motion to withdraw his guilty plea, and the claims identified therein, such as, ineffective assistance of counsel and coercion. The state habeas court did not address Petitioner's various due process claims as a separate ground for relief in its final order. Doc. 13-4.

The substance of Petitioner's due process claims as set forth in Ground Two largely overlaps with his other claims that his guilty plea was unknowing and involuntary and that trial counsel rendered ineffective assistance. It is undisputed that Petitioner fairly presented these grounds during the state habeas proceeding and that the state habeas court addressed these

grounds on the merits. As a result, a majority of the claims set forth in Ground Two were already decided, with full due process of law, during the state habeas proceeding. Although the state habeas court did not address Petitioner's argument that his due process rights were violated because the trial court did not conduct an evidentiary hearing on his motion to withdraw guilty plea as a separate ground for relief in its final order, the state habeas court thoroughly analyzed the substantive arguments that Petitioner made in his motion to withdraw a guilty plea, including that trial counsel rendered ineffective assistance and coerced Petitioner to plead guilty. Doc. 13-3 at 34.

The only substantive claim set forth in Ground Two that was not clearly addressed during the state habeas proceeding—that the trial court failed to conduct an evidentiary hearing on Petitioner's motion to withdraw guilty plea—is wholly without merit. Under Georgia law, "[i]t is well settled that, even if a defendant has a due process right to a hearing [on a motion to withdraw guilty plea], that right may be waived by failure to request a hearing." Isaac v. State, 237 Ga. App. 723, 727 (Ga. App. 1999). Because the record establishes that Petitioner failed to request a hearing on his motion to withdraw guilty plea, Petitioner waived any due process claim concerning the trial court's failure to conduct a hearing. Id. Accordingly, even if Ground Two is not procedurally defaulted, it is wholly without merit. Petitioner therefore is not entitled to relief on Ground Two.

## CONCLUSION

Because all of the grounds identified by Petitioner fail to state a cognizable basis for relief, **IT IS RECOMMENDED** that his section 2254 petition be **DENIED**.

Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §

2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-484 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 4th day of December, 2012.

                                                  s/ Charles H. Weigle_____
                                                  Charles H. Weigle
                                                  United States Magistrate Judge